Marc E. Wolin, Esq. (MW5938)
**CARPENTER, BENNETT & MORRISSEY**
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Plaintiff,
DIRECTV, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIRECTV, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN IGNACZ,<br><br>Defendant. | Civil Action No.03-2423 (FSH)<br><br>**AMENDED COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF** |

Plaintiff DIRECTV, Inc., through its attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff, DIRECTV, is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV, a California company, has invested more than $1.25 billion to develop its direct broadcast satellite system.

2. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a

small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On or about May 25, 2001, DIRECTV executed several writs of seizure with the assistance of local law enforcement, upon a mail shipping facility used by several major sources of pirate technologies, including Vector Technologies, DSS-Stuff, DSSPro, DSS-Hangout, Whiteviper Technologies, Meadco, PC Ease, Intertek Technologies, Shutt, Inc., and Canadian Security and Technology. During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, e-mail communications, credit card receipts, and other records. Those records evidence defendant's purchase of illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices"). In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations and this Complaint.

4. Defendant is a resident of this District. DIRECTV alleges that defendant purchased and used Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5. Defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§2510-2521. DIRECTV brings this action to restrain these illegal activities against it.

## PARTIES

6. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and

securing the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

7. Defendant is a resident of Parsippany, New Jersey. Upon information and belief, beginning in or about March 2001, defendant purchased two or more Pirate Access Devices from Vector Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

(a) On or about March 19, 2001, defendant purchased two Pirate Access Devices, consisting of a printed circuit board device called an "Unlooper," and a printed circuit board device called an "Emulator" from Vector Technologies. The devices were shipped to defendant at his address in Parsippany, New Jersey;

## JURISDICTION AND VENUE

8. This action arises under the Federal Communications Act of 1934, as amended, 47 U.S.C. §605; and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§2510-2521.

9. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a), 47 U.S.C. §605(e)(3)(A) and 18 U.S.C. §2520(a).

10. Defendant is a resident of this District. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §1391(b).

## FIRST CLAIM

## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS IN VIOLATION OF 47 U.S.C. §605(a)

11. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 10 as if set forth fully herein.

12. Defendant has received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. §605(a).

13. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

14. Defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendant will continue to violate 47 U.S.C. §605(a).

## SECOND CLAIM

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. § 2511(1)(a)

15. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 14 as if set forth fully herein.

16. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. §2511(1)(a).

17. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems,

infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

18. Defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendant will continue to violate 18 U.S.C. §2511(1)(a).

## THIRD CLAIM

## POSSESSION OF PIRATE ACCESS DEVICES IN VIOLATION OF 18 U.S.C. § 2512(1)(b)

19. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 18 as if set forth fully herein.

20. Defendant possessed and used Pirate Access Devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming, and that such devices, or any components thereof, have been or will be sent through the mail or transported in interstate or foreign commerce, in violation of 18 U.S.C. §2512(1)(b).

21. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

22. Defendant knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at

law to redress any such continued violations. Unless restrained by this Court, defendant will continue to violate 18 U.S.C. §2512(1)(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DIRECTV, requests that this Court grant the following relief:

(1) Find the defendant's conduct in importing, possessing and using Pirate Access Devices violates 47 U.S.C. §605(a), and 18 U.S.C. §§2511(1)(a) and 2512(1)(b), and further find that defendant's violations were willful, malicious or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. §605(e)(3)(B)(i), and 18 U.S.C. §2520(b)(1), enjoin and restrain defendant, and persons controlled directly and indirectly by defendant, from importing, possessing, or using Pirate Access Devices, and further order defendant to surrender all Pirate Access Devices;

(3) In the event of a default, in accordance with 18 U.S.C. §2520(c)(2)(B) and 18 U.S.C. §2511, an award of statutory damages of $10,000 for each violation of 18 U.S.C. §2511(a)(2) alleged herein, and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $850;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. §605(e)(3)(C)(i)(II), and 18 U.S.C. §2520(c)(2), or (b) compensatory and punitive damages in accordance with 47 U.S.C. §605(e)(3)(C)(i)(I), and 18 U.S.C. § 520(c)(2), and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. §605(e)(3)(B)(iii), and 18 U.S.C. §2520(b)(3);

(5) For such additional relief as the Court deems just and equitable.

**RULE 201.1 CERTIFICATION**

Pursuant to L.Civ.R.201.1, the undersigned counsel for the plaintiff hereby certifies that, although the amount in controversy, excluding interest, costs and punitive damages may not exceed $150,000.00, plaintiff seeks injunctive relief in this matter.

Respectfully submitted,

**CARPENTER BENNETT & MORRISSEY**

By: ___/s/Marc E. Wolin____________
Marc E. Wolin, Esq.

Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711

Of Counsel

YARMUTH WILSDON CALFO PLLC

Gurjit S. Pandher
John Jamnback
PO Box 1110
Seattle, Washington 98111-1110
(206) 654-4125
(206) 654-4128 (fax)

Attorneys for Plaintiff DIRECTV, Inc.

Dated: January 30, 2004